1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

GILBERTO FUENTES ZARAGOZA,

1:21-cv-01775-SKO (HC)

12

Petitioner,

13

v.

ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

ON HABEAS CORPUS,

15

Respondent.

16
17

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to

18

28 U.S.C. § 2254.

19

The federal venue statute requires that a civil action, other than one based on diversity

20

jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

21

are residents of the State in which the district is located, (2) a judicial district in which a substantial

22

part of the events or omissions giving rise to the claim occurred, or a substantial part of the property

23

that is the subject of the action is situated, or (3) if there is no district in which an action may

24

otherwise be brought as provided in this section, any judicial district in which any defendant is

25

subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

26

In this case, the petitioner is challenging a conviction from Orange County, which is in the

27

Central District of California. Therefore, the petition should have been filed in the United States

28

District Court for the Central District of California. In the interest of justice, a federal court may

1

transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **December 17, 2021**                    _/s/ Sheila K. Oberto_

UNITED STATES MAGISTRATE JUDGE